UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| BRIAN WOODS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 3:13-CV-250 JD |
|  | ) |  |
| STATE OF INDIANA, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

OPINION AND ORDER

Brian Woods, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. [ECF No. 3.] Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Nevertheless, a *pro se* complaint must be liberally construed, "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Woods is suing his parole officer, Terry Goodman, as well as the Indiana Parole Board and the State of Indiana. According to the complaint, in September 2012, Woods was on parole for an unspecified offense, when he was accused of assaulting someone with a knife. After a police investigation, he was arrested. He was later brought before the parole board and his parole was revoked. He was ordered to serve an additional 28 months in prison, which he is presently serving. He alleges that Goodman lied during the parole hearing when he claimed that Woods admitted

owning a knife. He further claims that he is not guilty of committing any offense, and that there was insufficient evidence, such as DNA or fingerprints, to conclude that the knife belonged to him. He seeks to have his "freedom back," as well as an award of monetary damages for the time he has spent in prison. [ECF No. 3 at 4.]

Upon review, his claims cannot proceed in this action. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the U.S. Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id*. at 486-87; *see also Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir. 2001) (observing that *Heck* applies to a civil rights suit premised on the invalidity of confinement pursuant to "some legal process, whether a warrant, indictment, information, summons, parole revocation, conviction or other judgment"). Here, Woods claims that his parole was revoked based on false testimony and insufficient evidence, and that as a result he is being wrongfully incarcerated. Unless and until the parole determination is reversed on appeal, vacated, set aside, or otherwise called into question, he cannot pursue a claim for damages based on his alleged wrongful incarceration.[1]

As for Woods' request for release from prison, this type of relief can only be pursued in a habeas corpus proceeding under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement); *Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003) (observing

---

[1] As an additional matter, the State of Indiana and the Indiana Parole Board would both be immune from an award of damages under the Eleventh Amendment. *Kashani v. Purdue Univ.*, 813 F.2d 843, 845 (7th Cir. 1987).

that "collateral attacks disguised as civil rights actions should be dismissed"). Apparently anticipating this procedural problem, Woods attached a completed habeas petition as an exhibit to his amended complaint. [ECF No. 3-1.] Woods cannot proceed with two distinct causes of action under one cause number, nor has he followed the proper procedures for pursuing relief under 28 U.S.C. § 2254. This action will be dismissed, but the dismissal will not preclude Woods from filing a new case challenging his parole revocation under 28 U.S.C. § 2254 if he so chooses. For his convenience, the clerk will be directed to send him the necessary form.

For the reasons set forth above, the amended complaint [ECF No. 3] is DISMISSED pursuant to 28 U.S.C. § 1915A. The clerk is DIRECTED to send the plaintiff a blank habeas corpus petition, AO-241 (Rev. 10/07) (INND Rev. 3/10).

SO ORDERED.

ENTERED: May 22, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court